# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 23-cr-80142-Cannon/Reinhart

CASE NO. _____

**18 U.S.C. § 2422(b)**
**18 U.S.C. § 2251(a) and (e)**
**18 U.S.C. § 2252(a)(2) and (b)(1)**
**18 U.S.C. § 2252(a)(4)(B)**

**UNITED STATES OF AMERICA**

**v.**

**PETER JOHN ZAYAS,**

**Defendant.**

_____/

FILED BY _____ D.C.

AUG 17 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

In or around July 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 30, 2023, in Palm Beach County, in the Southern District of Florida, the defendant,

### PETER JOHN ZAYAS,

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce an individual, the Minor Victim, who had not attained the age of eighteen years, to engage in any sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

## COUNT 2

Between on or about July 2, 2022, and on or about January 12, 2023, the exact date being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, the defendant,

**PETER JOHN ZAYAS,**

did use, persuade, induce, entice, and coerce, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, image "IMG_0247," and such visual depiction having been produced using materials, that is, a cellular device, that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer, and such visual depiction having actually been transported and transmitted using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a) and (e).

## COUNT 3

On or about January 12, 2023, in Palm Beach County, in the Southern District of Florida, the defendant,

**PETER JOHN ZAYAS,**

did knowingly distribute any visual depiction, that is, image "IMG_0247," using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such sexually explicit conduct; in violation of Title 18, United States Code Section 2252(a)(2) and (b)(1).

## COUNT 4

Between on or about July 2, 2022, and on or about January 12, 2023, the exact date being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, the defendant,

**PETER JOHN ZAYAS,**

did use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, that is, image "IMG_0341," and such visual depiction having been produced using materials, that is, a cellular device, that had been mailed,

2

shipped, and transported in interstate and foreign commerce, by any means, including by computer, and such visual depiction having actually been transported and transmitted using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a) and (e).

## COUNT 5

On or about January 12, 2023, in Palm Beach County, in the Southern District of Florida, the defendant,

**PETER JOHN ZAYAS**,

did knowingly distribute any visual depiction, that is, image "IMG_0341," using any means and facility of interstate and foreign commerce and that has been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such visual depiction was of such sexually explicit conduct; in violation of Title 18, United States Code Section 2252(a)(2) and (b)(1).

## COUNT 6

On or about March 30, 2023, in Palm Beach County, in the Southern District of Florida, the defendant,

**PETER JOHN ZAYAS**,

did knowingly possess matter, that is, an iPhone 14 Plus, which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including by computer, and which was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the production of such visual depiction having involved the use of minor engaged in sexually explicit conduct, as defined in

3

Title 18, United States Code, Section 2256(2), and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **PETER JOHN ZAYAS**, has an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 2422, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428(a):

(a)     any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

(b)     any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such violation.

3.     Upon conviction of a violation of Title 18, United States Code, Sections 2251 or 2252, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a):

(a)     Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

(b)     any property, real or personal, constituting, or traceable to gross profits or other proceeds which the defendant obtained from such offense; and

(c)     any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, and any property traceable to such property.

4.     The property subject to forfeiture as a result of the alleged offenses includes, but is not

limited to, the Apple iPhone 14 Plus seized on or about April 5, 2023.

All pursuant to Title 18, United States Code, Sections 2253(a) and 2422(a), and the procedures

set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code,

Section 2253(b) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO.: 23-cr-80142-Cannon/Reinhart

v.

**CERTIFICATE OF TRIAL ATTORNEY**

PETER JOHN ZAYAS,

_____ /          **Superseding Case Information:**
                    Defendant.                New Defendant(s) (Yes or No) _____
**Court Division** (select one)               Number of New Defendants _____
  ☐ Miami    ☐ Key West    ☐ FTP            Total number of counts _____
  ☐ FTL      ☒ WPB

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect: _____

4.  This case will take __4__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)
    I    ☒ 0 to 5 days                  ☐ Petty
    II   ☐ 6 to 10 days                 ☐ Minor
    III  ☐ 11 to 20 days                ☐ Misdemeanor
    IV   ☐ 21 to 60 days                ☒ Felony
    V    ☐ 61 days and over

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Magistrate Case No. _____

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

9.  Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

                    By:    _____
                           DANIEL E. FUNK
                           Assistant United States Attorney
                           FL Bar No.      0592501

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:   PETER JOHN ZAYAS

23-cr-80142-Cannon/Reinhart

**Case No**:

**Count # 1:**

Enticement of a Minor

Title 18, United States Code, Section 2422(b)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** 5 years up to life
* **Max. Fine:** $250,000
* **Mandatory Special Assessment:** $5,000
* **Mandatory Restitution**

**Count # 2 and 4:**

Production of Child Pornography

Title 18, United States Code, Sections 2251(a) and (e)
* **Max. Term of Imprisonment:** 30 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 15 years
* **Max. Supervised Release:** 5 years up to life
* **Max. Fine:** $250,000
* **Mandatory Special Assessment:** $5,000
* **Mandatory Restitution**

**Count # 3 and 5:**

Distribution of Child Pornography

Title 18, United States Code, Sections 2252(a)(2) and (b)(1)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 5 years up to life
* **Max. Fine:** $250,000
* **Mandatory Special Assessment:** $5,000
* **Mandatory Restitution**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**Count # 6:**

Possession of Child Pornography

Title 18, United States Code, Section 2252(a)(4)(B)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 5 years up to life
* **Max. Fine:** $250,000
* **Mandatory Special Assessment:** $5,000
* **Mandatory Restitution**